IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 7:23-CR-68 (WLS-TQL-1) |
| DONALD PATRICK PARR, | : |
| Defendant. | : |

## ORDER

Before the Court is Defendant Donald Patrick Parr's ("Defendant") Unopposed Motion for Continuance in the Interests of Justice ("the Motion") (Doc. 35). Therein, Defendant asks the Court to grant a continuance of his trial from the February 2025 trial term in the Valdosta Division, to the next Valdosta Division trial term and continue the pretrial conference scheduled on January 7, 2025. Defense Counsel contends this continuance is warranted to allow additional time to review discovery, prepare a defense, investigate, and discuss the Government's case with Defendant. Defense Counsel also notes that he is preparing for a two-week trial scheduled to begin on January 13, 2025.

Based on the Defendant's stated reasons and the fact that the Government does not oppose the Motion, the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Thus, and for good cause shown, the Motion (Doc. 35) is **GRANTED**. The trial in the above-captioned matter is hereby **CONTINUED** to the Valdosta Division May 2025 trial term and its conclusion, or as may be otherwise ordered by the Court.[1] Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court

---

[1] Defendant asks the Court to continue the trial until the beginning of the next trial term. The Court, however, continues the case until the conclusion of the May 2025 trial term because it is the Court's practice to grant continuances until the conclusion of a particular trial term to allow the scheduling of multiple trials during that term. If Defendant objects to a continuance until the conclusion of the next trial term, he shall immediately advise the Court of such an objection in writing.

has continued the trial in this case and finds that the failure to grant a continuance would likely result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). Lastly, the pretrial conference currently scheduled on January 7, 2025, is **CONTINUED**. A new conference will be scheduled by separate notice or order.

**SO ORDERED**, this 7th day of January 2025.

<u>**/s/ W. Louis Sands**</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**