IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 7:23-CR-68 (WLS-ALS) |
| DONALD PATRICK PARR, | : |
| Defendant. | : |

## ORDER

Before the Court is Defendant Donald Parr's Motion to Dismiss the Indictment (Doc. 43). In the Motion, Defendant moves to dismiss the Superseding Indictment (Doc. 41) contending it violates the Second Amendment. After review, the Motion is denied. Put simply, felons do not enjoy the individual right to possess firearms, and Defendant's proffered Supreme Court authority has no impact on that longstanding prohibition. Thus, Defendant's indictment under 18 U.S.C. § 922(g) does not offend the Second Amendment.

### I. RELEVANT PROCEDURAL BACKGROUND

In August 2023, the Government filed a one-count Indictment (Doc. 1) against Defendant. The case was originally assigned to the late Judge Hugh Lawson, but was transferred to the undersigned in March 2024. After the Court granted several continuances of the trial, the Government filed a Superseding Indictment (Doc. 41)—the operative indictment—in March 2025. The Superseding Indictment charges Defendant with one count of Possession of a Firearm by a Convicted Felon.

### II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 12(b) allows a Defendant to move to dismiss an indictment where the indictment is insufficient as a matter of law. *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (citing *United States v. Korn*, 557 F.2d 1089, 1090–91 (5th Cir. 1977) and *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978)). A district court must dismiss an indictment "if it concludes that the factual allegations in the indictment, when viewed in the light most favorable to the government," are insufficient to

state an offense as a matter of law. *See United States v. deVegter*, 198 F.3d 1324, 1326 (11th Cir. 1987) (citing *Torkington*, 812 F.2d at 1354).

### III.    LAW AND ANALYSIS

Defendant challenges the constitutionality of 18 U.S.C. § 922(g)(1). (Doc. 41 at 18). Defendant's argument goes something like this: He first argues that the recent Supreme Court decision in *United States v. Rahimi*, 602 U.S 680 (2024), abrogated any previous Eleventh Circuit case law recognizing the constitutionality of § 922(g)(1) under the Second Amendment. (Doc. 43 at 2–3). Defendant reasons that the Court should therefore conduct a fresh analysis of § 922(g)(1) under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). (*See* Doc. 43 at 4–17). In his view, such an analysis would show that § 922(g)(1) is not consistent with the Nation's historical tradition of firearm regulation. (*Id.*) But the Court is unpersuaded that it should reach the substance of Defendant's historical analysis, because binding Circuit authority, and subsequent Supreme Court decisions, are clear that bans on felons possessing firearms do not offend the Second Amendment.

####    A.    A Recent History of Challenges to § 922(g)(1)

#####       1.    *Rozier*

Defendant's challenge to § 922(g)(1) is not the first attempt to ask a court in this Circuit to revisit restrictions on felons possessing firearms in light of recent Supreme Court developments. *District of Columbia v. Heller*, 554 U.S. 570 (2008), prompted the first of these challenges. *See United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010). In *Heller*, the Supreme "Court held that 'the Second Amendment conferred an individual right to keep and bear arms.'" *Id.* (quoting *Heller*, 554 U.S. at 595). Soon after *Heller*, a defendant-felon challenged § 922(g)(1) arguing that the statute violated that individual right to bear arms. *See Rozier*, 598 F.3d at 770. The Eleventh Circuit rejected Rozier's challenge, relying on the Supreme Court's statement in *Heller* that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Id.* (quoting *Heller*, 554 U.S. at 627). In other words, *Rozier* held that bans on felons possessing firearms survived *Heller* and that § 922(g)(1) remained constitutional. *See id.*

### 2.   *Dubois*

*Bruen* prompted another challenge to § 922(g)(1). *See United States v. Dubois*, 94 F.4th 1284, 1291–93 (11th Cir. 2024), *vacated* -- S. Ct. -- , 2025 WL 76413, at *1 (Jan. 13, 2025). In *Bruen*, the Supreme Court announced a refined, some would argue new, two-step test to examine whether a regulation violates the Second Amendment—rejecting the test used in most Circuits as inconsistent with *Heller* and *McDonald v. City of Chicago*, 561 U.S. 742 (2010) (plurality opinion). *See Bruen*, 597 U.S. at 17–24. Under the *Bruen* test, a court first asks whether the "Second Amendment's plain text covers an individual's conduct." *Id.* at 24. If so, [t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. *Id.* Only then "may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (citation omitted).

In *Dubois*, a defendant-felon once again challenged § 922(g)(1) arguing that *Bruen* had abrogated *Rozier* and that the Eleventh Circuit should revisit the issue of § 922(g)(1)'s constitutionality. *See Dubois*, 94 F.4th at 1291–93. The Eleventh Circuit disagreed, holding that that *Bruen* did not abrogate *Rozier* because *Heller* made clear that its holding did not cast any doubt on felon-in-possession prohibitions. *See id.* (citing *Heller*, 554 U.S. at 771 and *McDonald*, 561 U.S. at 786). In other words, *DuBois* held that bans on felons possessing firearms survive *Bruen* and that § 922(g)(1) remain constitutional.[1]

### B.   *Rahimi's* **Impact**

Now, Defendant, an alleged felon, brings yet another challenge to the constitutionality of § 922(g)(1). Specifically, he argues that a recent Supreme Court Case (*Rahimi*), requires courts in the Eleventh Circuit to abandon prior Circuit precedent (*Rozier*) and conduct a fresh *Bruen* analysis, which will reveal that § 922(g)(1) violates the Second Amendment. (*See generally* Doc. 40). The Court is unpersuaded.

---

[1] Admittedly, the Supreme Court recently vacated *Dubois* for further consideration in light of *Rahimi*. *Dubois*, -- S. Ct. --, 2025 WL 76413, at *1. Defendant fails to address this point—particularly puzzling since it cuts in his favor. The Court thus does not address *Dubois's* vacation at length. But, in any event, the fact that *Dubois* was vacated for further consideration is no reason alone to abandon its reasoning. The Court would need a clearer signal from the Supreme Court that *Dubois* was incorrect to disregard it entirely.

Of course, a Supreme Court decision may, potentially, overrule prior binding Circuit precedent. But the Eleventh Circuit prescribes a stringent test. *See United States v. White*, 837 F.3d 1225, 1230–31 (11th Cir. 2016). That is, a lower court may disregard a prior Eleventh Circuit panel only if the intervening Supreme Court decision is "clearly on point" and "clearly contrary" to the prior Circuit decision. *United States v. Lightsey*, 120 F.4th 851, 860 (11th Cir. 2024) (emphasis omitted) (quoting *Edwards v. U.S. Att'y Gen.*, 97 F.4th 725, 743 (11th Cir. 2024)). This requires the Supreme Court decision to "'actually abrogate or directly conflict with, as opposed to merely weaken,' the prior panel's holding." *White*, 837 F.3d at 1230–31 (quoting *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009)). In other words, the Supreme Court decision must "demolish and eviscerate each of [the prior Circuit decision's] fundamental props." *Del Castillo v. Sec'y, Fla. Dep't of Health*, 26 F.4th 1214, 1223 (11th Cir. 2022) (internal quotations and alterations removed) (quoting *United States v. Petite*, 703 F.3d 1290, 1297–89 (11th Cir. 2013)). In light of this stringent test, the Court declines Defendant's invitation to abandon *Rahimi* in favor of *Rozier* for two reasons.

First, *Rahimi* analyzes a different provision of § 922, analyzing history relevant to that provision. Specifically, *Rahimi*, analyzes § 922(g)(8) not § 922(g)(1). Section 922(g)(8) prohibits those subject to a domestic violence restraining order from possessing a firearm. *Rahimi*, 602 U.S. at 684–85 (citing § 922(g)(8)). The *Rahimi* majority thoroughly analyzed the Nation's history of disarming individuals who pose "a clear threat of physical violence to another[.]" *Id.* at 695–98. Notably absent from the majority opinion is any mention of this Nation's history of disarming felons, let alone any specific reference to § 924(g)(1). By contrast, *Rozier*'s analysis is limited to § 922(g)(1). Thus, *Rahimi* is not "clearly on point" with *Rozier*.

Second, even though *Rahimi* is not on point, it nevertheless provides significant support for the constitutionality of § 922 bans on dangerous individuals possessing firearms generally. As the *Rahimi* majority explained, disarming certain classes of people traces its roots from a pre-common-law English legal tradition which persisted into the founding era regimes. *Rahimi*, 602 U.S. at 693–698. This tradition "confirm[s] what common sense suggests: When an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed." *Id.* at 698. Granted, the historical analysis of felon disarmament might differ in its specifics, but § 922(g)(8) and § 922(g)(1) both address similar issues: the disarmament of

4

individuals who the legislature deems pose a danger. The historical discussion in *Rahimi* is therefore, at least analogous to felon disarmament. If anything, Rahimi's analysis provides significant evidence that felon disarmament is consistent with the Nation's historical tradition of firearms regulation. Thus, *Rahimi* is not "clearly contrary" with *Rozier*.

Defendant's argument that *Rozier* no longer remains binding law badly misrepresents *Rahimi*. Defendant submits that in *Rahimi*, the Supreme Court "clearly held the references to the 'law-abiding' were dicta[.]" (Doc. 40 at 5). This is *far* from clear. To be sure, Justice Thomas's dissent, in a footnote, expresses his opinion that the discussion of laws prohibiting felons from possessing firearms in *Heller* is dicta and references to law-abiding citizens in *Bruen*, in context, do not necessarily exclude felons. *Rahimi*, 602 U.S. at 773–74 n.7 (Thomas, J., dissenting). But a footnote in a dissent is a far-cry from a "clear holding."

In fact, the majority treated prohibitions on banning felons from possessing firearms favorably. *Id.* at 682 ("[P]rohibitions, like those on the possession of firearms 'by felons and the mentally ill,' are 'presumptively lawful'" (quoting *Heller*, 554 U.S. at 699)). For this reason, the opinion rejects Rahimi's argument that the individual right to possess firearms announced by *Heller* renders § 922(g)(8) unconstitutional. The Court is thus unpersuaded that *Rahimi* undermined, to any extent, the Supreme Court's unwavering position that bans on felons possessing firearms survive *Heller* and *Bruen*, let alone to the extent that the decision abrogates *Rozier*.[2]

Consequently, the Court declines to abandon *Rozier* in favor of *Rahimi*. The Supreme Court decision is neither clearly on point nor clearly contrary to the binding Circuit precent. The fundamental props of *Rozier* remain undemolished and uneviscerated. *Rozier* thus controls.

---

[2] Defendant also suggests that when the Supreme Court vacated and remanded *Vincent v. Garland*, 80 F.4th 1197, 1201 (10th Cir. 2023), for further reconsideration in light of *Rahimi* it signaled that circuit precedent on § 922(g)(1) might be vulnerable in *Rahimi's* wake. (Doc. 43 at 3); *see Vincent v. Garland*, 144 S. Ct. 2708, 2708–09 (2024) (mem.). But, as the Court explained with *Dubois*, it will not read too much into the Supreme Court's remand of a case. Granted, neither *Vincent* nor *Dubois* bind their respective Circuits. But courts may, in their discretion, find those decisions persuasive. Although the Court finds both cases persuasive, neither are necessary to support the Court's conclusion: Defendant's argument is foreclosed by *Rozier* and subsequent Supreme Court authority.

### C. Defendant's Historical Analysis

In light of *Rozier*, Defendant's objection to § 922(g)(1) crumbles. The individual right to possess firearms extends only to "law-abiding responsible citizens." *See Rozier*, 598 F.3d at 770 (citing *Heller*, 554 U.S. at 626–27). This class clearly excludes felons. *Id.* And, even after *Rozier*, the Supreme Court has persisted in its long-held view that recent Second Amendment decisions casts no doubt on prohibitions on felons possessing firearms. *See McDonald v. City of Chi.*, 561 U.S. 742, 786 (2010); *Rahimi*, 602 U.S. at 699; *see also Bruen*, 597 U.S. at 81 (Kavanaugh, J. concurring). Although Defendant's historical analysis is admittedly creative, its conclusion is foreclosed by *Rozier*. Thus, Defendant does not enjoy the Second Amendment individual right to possess a firearm as explained in *Heller* and reinforced in *Bruen*. Consequently, the Indictment (Doc. 41) does not offend the Second Amendment. Defendant's Motion to Dismiss Indictment (Doc. 40) is **DENIED**.

**SO ORDERED**, this 9th day of April 2025.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATESDISTRICT COURT**
